IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRENDA BLAKE | ) | CASE NO. |
| 1557 Ivydale Road | ) | |
| Cleveland Heights, Ohio 44118 | ) | JUDGE: |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT FOR DAMAGES** |
| | ) | **AND REINSTATEMENT** |
| AMAZON.COM SERVICES LLC. | ) | |
| PO Box 80726 | ) | **JURY DEMAND ENDORSED** |
| Seattle, WA 98108 | ) | **HEREIN** |
| | ) | |
| **Serve also:** | ) | |
| Corporation Service Company | ) | |
| 3366 Riverside Drive, Suite 103 | ) | |
| Upper Arlington Oh 43221 | ) | |
| | ) | |
| -and- | ) | |
| | ) | |
| AMAZON FULFILLMENT CENTER | ) | |
| 1155 Babbitt Road | ) | |
| Euclid, OH 44132 | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Brenda Blake ("Blake") by and through undersigned counsel, as her Complaint against the Defendants (hereinafter "Amazon"), states and avers the following:

## **PARTIES**

1.    Blake is a resident of the city of Cleveland Heights, county of Cuyahoga, state of Ohio.

2.    Amazon.com Services LLC is a foreign limited liability company that operates a business located at 1155 Babbitt Road Euclid, Ohio 44132.

3.    Amazon Fulfillment Center is a foreign limited liability company that operates a business located at 1155 Babbitt Road Euclid, Ohio 44132.

4.     Amazon.com and Amazon Fulfillment Center share the same property, employees, and their practices are so similar, that they practically form the same business.

5.     During all material events asserted herein, Amazon.com and Amazon Fulfillment Center were joint employers of Blake and jointly referred to herein as Amazon.

6.     Amazon was at all times hereinafter mentioned an employer within the meaning of 42 U.S.C § 2000e *et seq.*

7.     Amazon was at all times hereinafter mentioned an employer within the meaning of 29 U.S.C § 623 *et seq.*

8.     Amazon was at all times hereinafter mentioned an employer within the meaning of R.C. § 4112.01 *et seq*.

9.     All material events alleged in this Complaint occurred in the county of Cuyahoga.

## JURISDICTION & VENUE

10.    This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Blake is alleging federal law claims under the Civil Rights Act of 1964, 42 U.S.C. 2000e-2 *et seq*., and The Age Discrimination in Employment Act of 1967 ("ADEA") 29 U.S.C. § 623 *et seq*.

11.    This Court has supplemental jurisdiction over Blake's state law claims pursuant to 28 U.S.C. § 1367 as Blake's state law claims are so closely related to her federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

12.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

13.    Within 300 days of the conduct alleged below, Blake filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 532-2022-00013 against Amazon operating at 1155 Babbitt Road Euclid, Ohio 44132.

14.   On or about July 14, 2022, the EEOC issued and mailed a Notice of Right to Sue letter to Blake regarding the Charges of Discrimination brought by Blake against Amazon in EEOC Agency Charge No. 532-2022-00013.

15.   Blake received her Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1) - which has been attached hereto as Plaintiff's Exhibit A.

16.   Blake has filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.

17.   Blake has properly exhausted her administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

18.   Blake has properly exhausted her administrative remedies pursuant to R.C. § 4112.01 *et seq*.

## **FACTS**

19.   Blake is a former employee of Amazon.

20.   Blake became employed by Amazon on or around April 11, 2020.

21.   Amazon initially employed Blake as a Fulfillment associate in the stow department.

22.   Blake is female.

23.   Blake is not transgender.

24.   Blake was perceived as transgender.

25.   At the time of Blake's termination, Blake was 58 years old.

26.   Alternatively, at the time of Blake's constructive discharge, Blake was 58 years old.

27.   On or around April 11, 2020, Blake took her first ID picture ("First ID Picture").

28.   When Blake received her First ID Picture, Blake discovered that Blake's ID had a picture of a young African American man with spiky hair ("Incorrect ID Photo").

29.   The Incorrect ID Photo was placed on Blake's ID by an Amazon employee on purpose.

30.   The Incorrect ID photo was placed on Blake's ID to humiliate Blake.

31.  Shakir Edwards made the Incorrect Photo ID.

32.  Edwards is employed by Amazon as a Human Resources Representative.

33.  Edwards is male.

34.  Edwards made the Incorrect Photo ID because Blake is female.

35.  Edwards's making the Incorrect Photo ID was discriminatory based on Blake's gender and/or sexual orientation.

36.  Alternatively, Edwards's making the Incorrect Photo ID was discrimination based on Blake's perceived gender and/or sexual orientation.

37.  At Blake's orientation, Blake heard employees say "oh, that's a guy" ("Oh, That's a Guy Comment").

38.  The Oh, That's a Guy Comment was based on other employees' perception of Blake as transgender.

39.  The Oh, That's a Guy Comment was discrimination based on Blake's gender and/or sexual orientation.

40.  Alternatively, the Oh, That's a Guy Comment was discrimination based on Blake's perceived gender and/or sexual orientation.

41.  Blake was offended by the Oh, That's a Guy Comment.

42.  In or around April 2020, a male employee refused to bring Blake any products on pallets or in containers, commenting that "[Blake] can get his own stuff" ("He Can Get His Own Stuff Comment")

43.  Blake was offended by the He Can get His Own Stuff Comment.

44.  Amazon does not allow employees to say things like the He Can Get his own Stuff Comment to male employees.

4

45.   Amazon does not allow employees to make comments like the He Can Get his own stuff comment to employees it does not perceive as transgender.

46.   Amazon does not allow employees to make comments like the He Can Get his own stuff comment to employees younger than 40 years old.

47.   The He Can Get his own stuff comment was made because Blake is female.

48.   The He Can Get his own stuff comment was made because Blake was perceived as transgender.

49.   The He Can Get his own stuff comment was made because Blake is over 40 years old.

50.   The He Can Get his own stuff comment was discrimination based on Blake's gender and/or sexual orientation.

51.   Alternatively, The He Can Get his own stuff comment was discrimination based on Blake's perceived gender and/or sexual orientation.

52.   The He Can Get his own stuff comment was discrimination based on Blake's age.

53.   Blake did not immediately report the Oh That's a Guy Comment and the He Can Get His Own Stuff Comment to Human Resources out of fear of retaliation.

54.   Blake transferred to the Pick Department in or around January 2021 ("Blake's transfer").

55.   After Blake's transfer, Blake was subjected to further disparaging comments ("Further Disparaging Comments").

56.   The Further Disparaging Comments included other employees calling Blake "Tranny" ("Tranny Comment")

57.   The Tranny Comment was directed at Blake because Blake was perceived as transgender.

58.   The Further Disparaging Comments included employees saying "That's a dude" when referring to Blake.

59.   Blake was subjected to Further Disparaging Comments because Blake is female.

5

60.   Blake was subjected to Further Disparaging Comments because Blake was perceived as transgender.

61.   Blake being subjected to Further Disparaging Comments was discrimination based on Blake's gender and/or sexual orientation.

62.   Alternatively, Blake being subjected to Further Disparaging Comments was discrimination based on Blake's perceived gender and/or sexual orientation.

63.   After Blake's transfer, Amazon employees Brian Balogh, Alan Boyd, and Harold Hopkins began taking pictures of Blake and harassing Blake.

64.   Balogh is male.

65.   Boyd is male.

66.   Hopkins is male.

67.   Balogh, Hopkins, and Boyd are all employed by Amazon as a part of the amnesty team ("Amnesty Team").

68.   The Amnesty Team members would regularly take pictures of Blake and harass her.

69.   Blake first reported harassment and discrimination based on her age, gender, and/or sexual orientation to human resources in or around May 2021 ("Blake's First Discrimination Report").

70.   Upon information and belief, the actions referenced in Blake's First Discrimination Report were violations of Amazon's Harassment and Discrimination Policy.

71.   Upon information and belief, Amazon has a policy of investigating significant workplace incidents.

72.   Blake's First Discrimination Report was a significant workplace incident.

73.   Amazon failed to take prompt remedial action regarding Blake's First Discrimination Report.

74. Upon information and belief, Amazon did not investigate Blake's First Discrimination Report.

75. An investigation should include interviewing the complainant.

76. An investigation should include interviewing the subject(s) of the complaint.

77. An investigation should include interviewing the subject(s) of the reported incident.

78. An investigation should include interviewing witnesses to the reported incident.

79. An investigation should include getting a written statement from the complainant.

80. An investigation should include getting a written statement from the subject(s) of the complaint.

81. An investigation should include getting a written statement from the subject(s) of the reported incident.

82. An investigation should include getting a written statement from the witnesses to the reported incident.

83. In response to Blake's First Discrimination Report, Defendants did not interview Blake.

84. In response to Blake's First Discrimination Report, Defendants did not interview the Amnesty Team Members.

85. In response to Blake's First Discrimination Report, Defendants did not interview any witnesses.

86. In response to Blake's First Discrimination Report, Defendants did not get a written statement from Blake.

87. In response to Blake's First Discrimination Report, Defendants did not get a written statement from the Amnesty Team Members.

88. In response to Blake's First Discrimination Report, Defendants did not get a written statement from any witnesses.

89. Upon information and belief, Defendants did not issue any written warnings regarding Blake's Discrimination Report.

90. Upon information and belief, Defendants did not terminate any Amnesty Team members regarding Blake's Discrimination Report.

91. By not disciplining the Amnesty Team members and any other employees that were involved, Defendants ratified this illegal conduct.

92. By not disciplining the employees that were involved, Amazon allowed their illegal conduct to continue.

93. Blake reported age, gender and/or sexual orientation discrimination from the Amnesty Team and/or other Amazon employees to the onsite Human Resources office countless times in the period from May 2021 until November 2021 ("Blake's Additional Discrimination Reports").

94. Amazon failed to take prompt remedial action on any of Blake's Additional Discrimination Reports.

95. Amazon failed to conduct any investigation into any of Blake's Additional Discrimination Reports.

96. By failing to discipline the employees involved in any of Blake's Additional Discrimination Reports, Amazon ratified their illegal conduct.

97. By failing to discipline the employees involved in any of Blake's Additional Discrimination Reports, Amazon allowed their illegal conduct to continue.

98. On one particular Sunday shift, Hopkins followed Blake to three separate stations ("Hopkins Followed Blake").

99. While Hopkins Followed Blake, Hopkins took pictures of Blake.

100. While Hopkins followed Blake, Blake continued to move from station to station in an effort to avoid him ("Blake's Attempts To Flee From Hopkins").

101. Despite Blake's Attempts To Flee From Hopkins, Hopkins kept following Blake and taking pictures of Blake.

102. Hopkins followed Blake and took pictures to harass Blake.

103. Hopkins harassed Blake because she is female.

104. Alternatively, Hopkins harassed Blake because she was perceived as transgender.

105. Hopkins harassed Blake because she is over 40 years old.

106. Hopkins harassed Blake because she reported harassment and discrimination.

107. Hopkins' harassment of Blake was discrimination based on gender and/or sexual orientation.

108. Alternatively, Hopkins' harassment of Blake was discrimination based on perceived gender and/or sexual orientation.

109. Hopkins' harassment of Blake was discrimination based on age.

110. Hopkins' harassment of Blake was in retaliation for Blake's reports of discrimination based on gender and/ or sexual orientation.

111. Alternatively, Hopkins' harassment of Blake was in retaliation for Blake's reports of discrimination based on perceived gender and/ or sexual orientation.

112. Hopkins' harassment of Blake was in retaliation for Blake's reports of discrimination based on age.

113. Blake also experienced harassment from Boyd.

114. Boyd frequently followed Blake around and took pictures of Blake.

115. On or around October 2, 2021, Boyd took unwanted pictures of Blake ("Boyd's Harassment").

116. During Boyd's Harassment, Blake saw a flash go off as Boyd was standing behind Blake.

117. Boyd followed Blake and took pictures to harass Blake.

118. Boyd harassed Blake because she is female.

119. Alternatively, Boyd harassed Blake because she was perceived as transgender.

120. Boyd harassed Blake because of she is over 40 years old.

121. Boyd harassed Blake because she reported harassment and discrimination.

122. Boyd's Harassment of Blake was discrimination based on gender and/or sexual orientation.

123. Alternatively, Boyd's Harassment of Blake was discrimination based on perceived gender and/or sexual orientation.

124. Boyd's Harassment of Blake was discrimination based on age.

125. Boyd's Harassment of Blake was in retaliation for Blake's reports of discrimination based on age, gender and/ or sexual orientation.

126. On or around October 2, 2021, Blake attempted to report Boyd's Harassment to Human Resources.

127. When Blake went to Human Resources to report Boyd's Harassment, the Human Resources Representative declined to listen to Blake ("Human Resources Refused to Help").

128. Human Resources did not decline to listen to reports of harassment and discrimination from employees who were not perceived as transgender.

129. Human Resources did not decline to listen to reports of harassment and discrimination from employees who were not over 40 years old.

130. Human Resources' declining to listen to Blake's report of harassment and discrimination was discriminatory based on gender and/or sexual orientation.

131. Alternatively, Human Resources' declining to listen to Blake's report of harassment and discrimination was discriminatory based on perceived gender and/or sexual orientation.

132. Human Resources' declining to listen to Blake's report of harassment and discrimination was discriminatory based on age.

133. On or around October 3, 2021, Blake told Boyd's manager, Elizabeth Champlin about Boyd's Harassment ("Conversation with Champlin").

134. At all times hereinafter mentioned, Champlin was a supervisor at Amazon.

135. As a supervisor, Champlin had authority to discipline, hire, and fire employees of Amazon.

136. During the Conversation with Champlin, Champlin told Blake to talk to Human Resources again and report the incident to Joanne Kim.

137. Kim is a Human Resources Representative at Amazon.

138. On October 3, Blake had a meeting with Kim ("Blake's Meeting with Kim").

139. During Blake's Meeting with Kim, Kim provided Blake with a pen and paper to write down her experiences of harassment and discrimination at Amazon ("Blake's October 3rd Written Report").

140. Blake's October 3rd Written Report detailed the Further Disparaging Comments she had experienced.

141. Blake's October 3rd Written Report detailed Blake's Attempts To Flee From Hopkins.

142. Blake's October 3rd Written Report detailed Boyd's Unwanted Picture Taking.

143. After Blake's Meeting with Kim, Kim investigated Blake's October 3rd complaint ("Kim's Investigation").

144. Hopkins was not disciplined as a result of Kim's investigation.

145. By not disciplining Hopkins, Amazon ratified his illegal conduct.

146. By not disciplining Hopkins, Amazon allowed his illegal conduct to continue.

147. Boyd was not disciplined as a result of Kim's investigation.

148. By not disciplining Boyd, Amazon ratified his illegal conduct.

149. By not disciplining Boyd, Amazon allowed his illegal conduct to continue.

150. After Kim's Investigation concluded, another Human Resources Manager told Blake that he had talked with the Amnesty Team ("Male Human Resource Manager's Discussion with Blake").

151. During the Male Human Resource Manager's Discussion with Blake, the Male Human Resource Manager assured Blake that the Amnesty team would not bother her anymore.

152. After the Male Human Resource Manager's Discussion with Blake, Balogh and Hopkins stopped harassing Blake.

153. After the Male Human Resource Managers Discussion with Blake, Boyd continued to harass Blake.

154. On or around January 7, 2022, Boyd again harassed Blake ("Boyd's January 7th Harassment").

155. During Boyd's January 7th Harassment, Boyd followed Blake around Blake's area.

156. During Boyd's January 7th Harassment, Boyd stood behind Blake.

157. During Boyd's January 7th Harassment, Blake had to walk away from her station momentarily to get away from Boyd ("Blake's Flight From Boyd").

158. After Blake's Flight from Boyd, Blake returned to find Boyd at Blake's station again.

159. After Blake's Flight from Boyd, Blake took a picture of Boyd standing behind her.

160. Boyd harassed Blake because she is female.

161. Alternatively, Boyd harassed Blake because she was perceived as transgender.

162. Boyd harassed Blake because she is over 40 years old.

163. Boyd harassed Blake because she reported harassment and discrimination.

164. Boyd's Harassment of Blake was discrimination based on gender and/or sexual orientation.

165. Alternatively, Boyd's Harassment of Blake was discrimination based on her perceived gender and/or sexual orientation.

166. Boyd's Harassment of Blake was discrimination based on age.

167. Boyd's Harassment of Blake was in retaliation for Blake's reports of discrimination based on gender and/ or sexual orientation.

168. Alternatively, Boyd's Harassment of Blake was in retaliation for Blake's reports of discrimination based on perceived gender and/ or sexual orientation.

169. Boyd's Harassment of Blake was in retaliation for Blake's reports of discrimination based on age.

170. On or around January 9, 2022, Blake Reported the January 7th Harassment to Human resources ("Blake's January 9th Report of Harassment and Discrimination.").

171. During Blake's January 9th Report of Harassment and Discrimination, Blake told Human Resources about the harassment she had continue to face from Boyd.

172. Amazon did not take prompt remedial action regarding Blake's January 9th Report of Harassment and Discrimination.

173. Amazon failed to investigate Blake's January 9th Report of Harassment and Discrimination.

174. Boyd was not disciplined as a result of Blake's January 9th Report of Harassment and Discrimination.

175. By not disciplining Boyd, Amazon ratified his illegal conduct.

176. By not disciplining Boyd, Amazon allowed his illegal conduct to continue.

177. On or around February 20, 2022, an older, bald Amazon employee harassed Blake ("February 20th Harassment").

178. During the February 20th Harassment, the older, bald Amazon employee stood around Blake's station.

13

179. During the February 20th Harassment, the older, bald Amazon employee looked and laughed at Blake.

180. During the February 20th Harassment, Blake believes that older, bald Amazon employee was taking pictures of Blake.

181. The older, bald Amazon employee harassed Blake because she is female.

182. Alternatively, the older, bald Amazon employee harassed Blake because she was perceived as transgender.

183. The older, bald Amazon employee harassed Blake because she is over 40 years old.

184. The older, bald Amazon employee harassed Blake because she reported harassment and discrimination.

185. The older, bald Amazon employee's harassment of Blake was discrimination based on gender and/or sexual orientation.

186. Alternatively, the older, bald Amazon employee's harassment of Blake was discrimination based on her perceived gender and/or sexual orientation.

187. The older, bald Amazon employee's harassment of Blake was discrimination based on age.

188. The older, bald Amazon employee's harassment of Blake was in retaliation for Blake's reports of discrimination based on gender and/ or sexual orientation.

189. Alternatively, the older, bald Amazon employee's harassment of Blake was in retaliation for Blake's reports of discrimination based on perceived gender and/ or sexual orientation.

190. The older, bald Amazon employee's harassment of Blake was in retaliation for Blake's reports of discrimination based on age.

191. On or about February 20, 2022, Blake reported the February 20th Harassment to Human Resources. ("Blake's February 20th Report of Harassment and Discrimination")

192. Amazon did not take prompt remedial action regarding Blake's February 20th Report of Harassment and Discrimination.

193. Amazon failed to investigate Blake's February 20th Report of Harassment and Discrimination.

194. The older, bald Amazon employee was not disciplined as a result of Blake's February 20th Report of Harassment and Discrimination.

195. By not disciplining the older, bald Amazon employee, Amazon ratified his illegal conduct.

196. By not disciplining the older, bald Amazon employee, Amazon allowed his illegal conduct to continue.

197. On or around April 12, 2022, Blake had made numerous reports of discrimination, harassment, and retaliation to Amazon.

198. Amazon had failed to take prompt remedial action after the majority of Blake's reports.

199. Amazon did not fail to take prompt remedial action after reports were made by employees who were not female.

200. Amazon did not fail to take prompt remedial action after reports were made by employees who were not perceived to be transgender.

201. Amazon did not fail to take prompt remedial action after reports were made by employees who were not over 40.

202. Amazon's failure to take prompt remedial action after Blake's reports of harassment, discrimination, and retaliation were discriminatory based on gender and or/sexual orientation.

203. Alternatively, Amazon's failure to take prompt remedial action after Blake's reports of harassment, discrimination, and retaliation were discriminatory based on perceived gender and or/sexual orientation.

15

204.  Amazon's failure to take prompt remedial action after Blake's reports of harassment, discrimination, and retaliation were discriminatory based on age.

205.  Amazon's failure to take prompt remedial action after Blake's reports of harassment, discrimination, and retaliation were further retaliation because she had reported their illegal conduct.

206.  Amazon's failure to discipline the employees involved in the discrimination and retaliation ratified their illegal behavior.

207.  Amazon's failure to discipline the employees involved in the discrimination and retaliation allowed their illegal conduct to continue.

208.  Amazon allowed an atmosphere to develop at work in which Blake no longer felt safe.

209.  Amazon allowed an atmosphere to develop at work in which Blake no longer felt respected.

210.  On or around April 12, 2022, Amazon constructively discharged Blake's employment.

211.  Amazon constructively discharged Blake's employment because of Blake's gender and/or sexual orientation.

212.  Amazon constructively discharged Blake's employment because of Blake's perceived gender and/or sexual orientation.

213.  Amazon constructively discharged Blake's employment because of Blake's age.

214.  Amazon constructively discharged Blake's employment in retaliation for Blake's reports of discrimination.

215.  As a result of Amazon's conduct, Blake has suffered and will continue to suffer damages.

## COUNT I: GENDER DISCRIMINATION IN VIOLATION OF 42 U.S.C 2000e *et seq.*

216.  Blake restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

217.  Blake is female.

218.  Blake is a member of a statutorily protected class based on her gender and/or sexual orientation under 42 U.S.C 2000e *et seq.*

219.  Transgender individuals are members of a statutorily protected class based on their gender and/or sexual orientation, under 42 U.S.C § 2000e-2(a).

220.  Other employees of Amazon perceived Blake to be transgender.

221.  Alternatively, Blake is a member of a statutorily protected class based on her perceived gender and/or sexual orientation under 42 U.S.C 2000e *et seq.*

222.  Amazon treated Blake differently than other similarly situated employees based on her gender and/or sexual orientation.

223.  Alternatively, Amazon treated Blake differently than other similarly situated employees based on her perceived gender and/or sexual orientation.

224.  Amazon discriminated against Blake on the basis of her gender and/or sexual orientation throughout her employment with the company.

225.  Alternatively, Amazon discriminated against Blake on the basis of Blake's perceived gender and/or sexual orientation throughout Blake's employment with Amazon.

226.  Amazon constructively discharged Blake's employment without just cause.

227.  Amazon constructively discharged Blake's employment based on her gender and/or sexual orientation.

228.  Alternatively, Amazon constructively discharged Blake's employment based on her perceived gender and/or sexual orientation.

229.  Amazon' discrimination against Blake based on her gender and/or sexual orientation violates R.C. § 4112.01 *et seq.*

17

230. Blake suffered emotional distress as a result of Amazon's conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq*.

231. As a direct and proximate result of Amazon' conduct, Blake suffered and will continue to suffer damages, including economic and emotional distress damages.

**COUNT II: GENDER DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq*.**

232. Blake restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

233. Blake is female.

234. Other employees of Amazon perceived Blake to be transgender.

235. Blake is a member of a statutorily protected class based on her gender and/or sexual orientation under R.C. § 4112.02.

236. Amazon treated Blake differently than other similarly situated employees based on her gender and/or sexual orientation.

237. Alternatively, Amazon treated Blake differently than other similarly situated employees based on her perceived gender and/or sexual orientation.

238. Amazon discriminated against Blake on the basis of her gender and/or sexual orientation throughout her employment with the company.

239. Alternatively, Amazon discriminated against Blake on the basis of her perceived gender and/or sexual orientation throughout her employment with the company.

240. Amazon terminated Blake's employment without just cause.

241. Amazon terminated Blake's employment based on her gender and/or sexual orientation.

242. Alternatively, Amazon constructively discharged Blake's employment based on her perceived gender and/or sexual orientation.

243. Alternatively, Amazon constructively discharged Blake's employment without just cause.

244. Alternatively, Amazon constructively discharged Blake's employment based on her gender and/or sexual orientation.

245. Alternatively, Amazon constructively discharged Blake's employment based on her perceived gender and/or sexual orientation.

246. Amazon's discrimination against Blake based on her gender and/or sexual orientation violates R.C. § 4112.01 *et seq.*

247. Alternatively, Amazon's discrimination against Blake based on her perceived gender and/or sexual orientation violates R.C. § 4112.01 *et seq.*

248. Blake suffered emotional distress as a result of Amazon's conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq*.

249. As a direct and proximate result of Amazon's conduct, Blake suffered and will continue to suffer damages, including economic and emotional distress damages.

## COUNT III: AGE DISCRIMINATION IN VIOLATION OF 29 U.S.C § 623 *et seq.*

250. Blake restates each and every prior paragraph of this complaint, as if it were fully restated herein.

251. On or around April 12, 2022, Blake was 58 years old.

252. At all times relevant, Blake was a member of a statutorily protected class under 29 U.S.C § 623 et seq.

253. Amazon treated Blake differently from other similarly situated employees based on her age.

254. As of April 12, 2022, Blake was fully qualified for her position and employment with Amazon.

255. Blake, at age 58, was a member of a statutorily protected class under 29 U.S.C § 623 *et seq*. at the time she was constructively discharged from her employment with Amazon.

256. Amazon terminated Blake's employment on or around April 12, 2022.

257. Alternatively, Amazon constructively discharged Blake's employment on or around April 12, 2022.

258. Blake suffered emotional distress as a result of Amazon's conduct and is entitled to emotional distress damages pursuant to 29 U.S.C § 623 et seq.

259. As a direct and proximate result of the Amazon's conduct, Blake suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## COUNT IV: AGE DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq.*

260. Blake restates each and every prior paragraph of this complaint, as if it were fully restated herein.

261. On or around April 12, 2022, Blake was 58 years old.

262. At all times relevant, Blake was a member of a statutorily protected class under R.C. § 4112.01 *et seq.*

263. Amazon treated Blake differently from other similarly situated employees based on her age.

264. As of April 12, 2022, Blake was fully qualified for her position and employment with Amazon.

265. Amazon terminated Blake's employment on or around April 12, 2022.

266. Alternatively, Amazon constructively discharged Blake's employment on or around April 12, 2022.

267. At the time Amazon terminated her employment, Blake was 58 years old, and a member of a statutorily protected class under R.C. § 4112.14(B).

268. Amazon terminated Blake's employment because of her age.

269. Alternatively, Amazon constructively discharged Blake's employment because of her age.

270. As a direct and proximate result of Amazon's conduct, Blake suffered and will continue to suffer damages, including economic damages and emotional distress.

## COUNT V:  RETALIATION IN VIOLATION OF R.C. § 4112.02(I)

271.  Blake restates each and every prior paragraph of this complaint, as if it were fully restated herein.

272.  As a result of Amazon's discriminatory conduct described above, Blake complained about the gender and/or sexual orientation harassment and discrimination she was experiencing.

273.  As a result of Amazon's discriminatory conduct described above, Blake complained about the age harassment and discrimination she was experiencing.

274.  Subsequent to Blake's reporting of gender and/or sexual orientation harassment and discrimination to her employer, Blake was subjected to continued harassment.

275.  Subsequent to Blake's reporting of age harassment and discrimination to her employer, Blake was subjected to continued harassment.

276.  Amazon's actions were retaliatory in nature based on Blake 's opposition to the unlawful discriminatory conduct.

277.  Pursuant to R.C. §4112.02(I), it is an unlawful discriminatory practice "to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section…"

278.  Blake suffered emotional distress as a result of Amazon's conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq.*

279.  As a direct and proximate result of Amazon's retaliatory discrimination against and termination of Blake, she suffered and will continue to suffer damages, including economic damages and emotional distress damages.

280.  Alternatively, as a direct and proximate result of Amazon's retaliatory discrimination against and constructive discharge of Blake, she suffered and will continue to suffer damages, including economic damages and emotional distress damages.

## DEMAND FOR RELIEF

WHEREFORE, Brenda Blake respectfully requests relief against Defendants as set forth below:

(a) Issue an order requiring Amazon to restore Blake to one of the positions to which she was entitled by virtue of her application and qualifications, and expunge her personnel file of all negative documentation;

(b) An award against each Defendant of compensatory and monetary damages to compensate Blake for compensatory damages, non-compensatory damages, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against each Defendant in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Blake's claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

/s/ *Daniel S. Dubow*

Daniel S. Dubow (0095530)
Shashelia Degraffinried (101692)
Kevin A. Buryanek (0099300)
**SPITZ, THE EMPLOYEE'S LAW FIRM**
25825 Science Park Drive, Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax:    (216) 291-5744
Email: daniel.dubow@spitzlawfirm.com
        shelia.degraffinried@spitzlawfirm.com
        kevin.buryanek@spitzlawfirm.com

*Attorneys For Plaintiff Brenda Blake*

22

## **JURY DEMAND**

Plaintiff Brenda Blake demands a trial by jury by the maximum number of jurors permitted.

/s/ *Daniel S. Dubow*

Daniel S. Dubow (0095530)
Shashelia Degraffinried (101692)
Kevin A. Buryanek (0099300)
**SPITZ, THE EMPLOYEE'S LAW FIRM**